# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONNA HODGES,

                Plaintiff,      Case No. 2:12-cv-01337-JCM-PAL

vs.      **ORDER**

GREENSPUN MEDIA GROUP, LLC,

                Defendant.

      Before the court is Plaintiff's Motion to Compel Depositions of Maria Blondeaux and Estee Wright (Dkt. #26), which was filed as an Emergency Motion. The court has considered the Motion (Dkt. #26), Defendant's Opposition (Dkt. #28), and Plaintiff's Reply (Dkt. #30).

      On April 24, 2013, counsel for Plaintiff served counsel for Defendant with deposition notices for the depositions of Maria Blondeaux and Estee Wright. The depositions were noticed for Thursday, May 2, 2013. Counsel for Plaintiff represents that these are management level employees of the Defendant who are employed locally and named in the Defendant's initial disclosures. The contact information for both witnesses was listed as Attorney Rick D. Roskelley of the law firm of Littler Mendelson, P.C., with no other contact information provided. On April 25, 2013, Defense counsel notified counsel for Plaintiff that these witnesses would not attend the depositions on the date noticed. Counsel conferred telephonically to resolve this dispute but were unable to do so. This motion was filed on an emergency basis because the discovery cutoff expired May 3, 2013.

      Plaintiff argues that Rule 30(b)(1) requires reasonable notice, and that eight-days notice is reasonable for two local witnesses who are employed by the Defendant. Because the parties have been able to amicably resolve their disputes in this case, counsel for Plaintiff does not seek costs or attorney's fees for the necessity of bringing this motion. Defendant opposes the motion arguing the

depositions were not timely noticed and were unilaterally scheduled one day before the close of discovery. Counsel for Defendant informed counsel for Plaintiff on March 21, 2013, he would be out of the country the last week of the discovery period. The discovery cutoff has already been extended sixty days to allow Plaintiff to notice and take depositions yet counsel for Plaintiff delayed noticing these depositions until the week prior to the discovery cutoff. Under these circumstances, Plaintiff did not give reasonable notice of the depositions and the motion to compel should be denied.

Plaintiff replies that the two witnesses were not produced for a deposition on the day noticed although proper advance notice was given, and that Defendant has failed to demonstrate good cause why the depositions should not be taken. Counsel for Plaintiff offered to take these two depositions outside the discovery cutoff as an alternative to deposing them on May 2, 2013. Counsel for Plaintiff now recalls that on March 21, 2013, Mr. Roskelley indicated he had vacation plans the last week of the discovery cut-off. However, counsel for Plaintiff "inexcusably forgot about these verbal discussions." Plaintiff should not be prejudiced by this mistake. He asks that the court grant permission to take the depositions of Maria Blondeaux and Estee Wright after the close of discovery.

Having reviewed and considered the matter the court accepts the representations of counsel that he forgot discussions that opposing counsel would be unavailable the last week of the discovery cut-off. The depositions should not have been scheduled unilaterally, or so close to the close of discovery. However, as Defendant identified these two employees as knowledgeable witnesses and provide defense counsel's address as the only contact, the court will allow counsel for Plaintiff to take these two depositions outside the discovery cut-off.

**IT IS ORDERED**;

1. Plaintiff's Emergency Motion to Compel the Depositions to Proceed as Scheduled on May 2, 2013, (Dkt. #26) is **DENIED**.
2. Plaintiff's alternative request to take the depositions of Maria Blondeaux and Estee Wright after the close of discovery is **GRANTED**.
3. Counsel shall immediately meet and confer to schedule and complete these two depositions within fourteen days of entry of this order unless, for good cause shown,

///

additional time is required to reasonably accommodate the schedules of the witnesses and counsel.

Dated this 10th day of May, 2013.

_____
Peggy A. Leen
United States Magistrate Judge